**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Automated EDM, Inc.,

Plaintiff,

v.

Timbron International, Inc.,

Defendant.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER**
Civil No. 00-2758 ADM/AJB

---

William J. Fisher, Esq., and Craig P. Miller, Esq., Gray, Plant, Mooty, Mooty & Bennett, P.A., Minneapolis, Minnesota, on behalf of the Plaintiff.

Defendant did not appear.

---

This matter is before the undersigned United States District Judge pursuant to Plaintiff Automated EDM, Inc.'s ("Plaintiff") Application for Default Judgment and Application for an Award of Attorneys' Fees [Doc. No. 3]. After a review of all the files, records, pleadings and proceedings herein, the Court makes the following findings of fact and conclusions of law:

1. Defendant Timbron International, Inc. ("Defendant") purchased goods from Plaintiff, but failed to pay for those goods.

2. Defendant then executed a Promissory Note dated December 20, 1999, under which Defendant agreed to pay the principal amount of $149,081.00 ("Note"), the amount owed for the goods, to Plaintiff.

3. Defendant defaulted on the Note by failing to make any of the payments owed thereunder.

4. Plaintiff and Defendant then executed an Amendment to Note ("Amendment"),

APR 18 2001
FILED ______
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD APR 18 2001
DEPUTY CLERK ______

pursuant to which Defendant agreed to made full payment of the amount of $162,026.30, plus all other amounts due under the Note, as amended, on or before July 5, 2000. Defendant executed the Amendment on April 18, 2000, and Plaintiff executed it on May 4, 2000.

5. Defendant has paid $103,500.00 under the terms of the Note and Amendment but failed to pay the full amount due and owing on or before July 5, 2000, as required. Thus, Defendant is in default under the terms of the Note and Amendment.

6. On January 5, 2001, the Summons and Complaint in this matter was served personally on Defendant.

7. Plaintiff granted Defendant an extension until February 14, 2001, to answer or otherwise respond to the Complaint.

8. Defendant has not answered in this matter.

9. Defendant is not a member of the armed services and is not subject to protections provided by the Soldiers and Sailors Civil Relief Act of 1940, as amended.

10. The amount due and owing Plaintiff from Defendant, exclusive of attorneys' fees and costs, is $78,016.27.[1]

11. Under the terms of the Note and Amendment, Defendant owes Plaintiff $8,000 in reasonable attorneys' fees, costs and disbursements.

---

[1] This total is the sum of Principal ($58,526.30), Interest ($10,970.81), and Late Charges ($8,519.16).

As a general rule, each party to a lawsuit is responsible for their own attorney's fees, absent a statute mandating otherwise. In this case, the parties contracted that "Maker [Defendant] agrees to pay all costs of collection and enforcement when incurred . . . including but not limited to [attorney's fees] and costs." Note, ¶ 7; *see Northwest Airlines, Inc. v. Flight Trails*, 3 F.3d 292, 297 (8th Cir. 1993) (affirming award of attorney's fees pursuant to a contractual agreement); *Mayer v. Spanel Intern., Ltd.*, 51 F.3d 670, 677 (7th Cir. 1995).

The amount of a reasonable attorneys' fee must be determined on the facts of each case. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). The district court has wide discretion in determining the amount of the attorneys' fee award. *See id.*, at 437; *see, e.g.*, *Jarrett v. ERC Properties, Inc.*, 211 F.3d 1078, 1084-85 (8th Cir. 2000) (concluding that granting an attorneys' fees award of $21,816, while rejecting a claim for $36,360, was not an abuse of the district court's "substantial discretion"); *Rural Water Sys. #1 v. City of Sioux Center*, 202 F.3d 1035, 1039 (8th Cir. 2000) (affirming a forty-four percent reduction of the attorneys' fees requested); *Rogers v. Kelly*, 866 F.2d 997, 1001 (8th Cir. 1989) (concluding that the district court did not abuse its discretion in making fee awards of $3,375 to one attorney and $1,875 to another, denying their requests of $14,053.50 and $9,227.50, respectively). The Eighth Circuit stated that it gives "great deference to the district courts on fee matters having to do with services performed before them [because those courts] are necessarily more familiar than we are with the members of their own bar and with the course of litigation before them, including what lawyers may have done that was unnecessary and what may have taken up more time than it needed to." *Griffin v. Jim Jamison, Inc.*, 188 F.3d 996, 997 (8th Cir. 1999).

Because Defendant has not answered the Complaint, the complexity of the legal effort in this case has been routine. The application for a default judgment was not unusually difficult to prepare and presented no novel or challenging questions. The resulting default judgment, while favorable to Plaintiff, was not exceptional and did not require special skills or expertise. In the Affidavit in Support of the Application [Doc. No. 5], Plaintiff's counsel initially requested $8,860.94 in attorneys' fees and costs for work and services provided. *See* Fisher Aff., ¶ 5. Responding to the Court's request for more detailed information relating to the request in the Supplemental Affidavit in Support of the Application [Doc. No. 6], Plaintiff's counsel requested $11,286.14 in attorneys' fees and costs. *See* Fisher Suppl. Aff., ¶ 13. The Affidavits and a review of the file does not reveal any legal work that could not have been accomplished by an associate at a reasonable hourly billing rate of $150, which is appropriate for this metropolitan area. The Court finds that reasonable attorneys' fees and costs in this matter are $8,000. This amount is appropriately proportional to the amount involved in the default judgment, $78,016.27.

Based upon all of the files, records & proceedings herein, and for the foregoing reasons, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's Application for Default Judgment [Doc. No. 3] is **GRANTED**, Judgment by Default is to be entered against Defendant and in favor of Plaintiff in the amount of $78,016.27; and

(2) Plaintiff's Application for Application for an Award of Attorneys' Fees [Doc. No. 3] is **GRANTED**, Attorneys' Fees are awarded to Plaintiff in the amount of $8,000.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Dated: April 18, 2001

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEALNO.CIV
Rev. August 11, 1995

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*

Forms/8thcircuitprehearingconf.wpd